# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Nathaniel L Thomas
2652 Bowen Rd. S.E.
Washington, D.C. 20020
202-889-3017

vs.

The Gilford Corporation #
4600 Powdermill Rd. ste 350
Beltsville, Md. 20705

Case: 1:16-cv-01515
Assigned To : Cooper, Christopher R.
Assign. Date : 7/25/2016
Description: Pro Se Gen. Civil    (F-Deck)

## Wrongful Termination and Defamation in line with Frivolous Sexual Harassment

Now comes Plaintiff NATHANIEL L. THOMAS This 22nd Day of July with the second and official complaint seperately conjoined charging my former Employer, The Gilford Corp. with Wrongful Termination & Defamation based on a Frivolous Sexual Harassment claim. I bring this case foward Pro se, in concurrance with the Whiting Turner case already on the docket because of the impossibility to litigate one case without the other. Both companies share related information and both companies took action in my termination. The Gilford Corp. was my employer under contractual obligation to the Whiting Turner Contracting Company, the leading General Contractor for the construction site at the MGM Grand Casino at The National Harbor. Whiting Turner is in charge of all operations.

On April 25, 2016 when Whiting Turner called Gilford Corp and relayed a defamatory message to one of the Gilford Corp. officials that I had committed some inappropriate action last week.

RECEIVED
JUL 25 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

(1)

The exact words used by the Defendant Whiting Turner when this call was placed by one of Whiting Turner's officials, is where the Gilford Corp showed their acquiescence. This is when the Gilford Corp. called me on my cell phone to tell me that Whiting Turner did not want me back on the job site. This is actual Third Party Action taken from that statement of allegations to terminate me, an actionable statement. Here we have an action taken by Gilford Corp. based upon a statement by Whiting Turner, an assertion of fact that can be proven wrong or false. Here we have the inappropriate rush to judgement by Whiting Turner and the reckless disregard for whether those allegations were true or not. (Sexual Harassment). Both Whiting Turner and Gilford were negligent in ascertaining the veracity of the Sexual Harassment Statement, reckless disregard of whether true or not. This is where I feel that I have a plausible right to relief. And the same official from Gilford who called me on my cell phone to tell me I was banned from the jobsite by Whiting Turner, told me to take the next two days off, with pay in order for him to come to the job site to see what was going on with these Sexual Harassment accusations, from which I never heard back from him. I was never called back to work. I dont think The Gilford Corp. showed any malice, they negligently acquiesced along with Whiting Turner with reckless disregard for the Substantial Truth as they just pushed me aside and affirmed Whiting Turner's recommendation without any documentation of severance or proof of merit of this slanderously defamatory accusation and allegations that I have not seen nor had the privilage to answer to.

There are various means of establishing facts to show "malice." Where there is an accusation of theft, misconduct, or a crime of moral turpitude committed on a job, an employer may be barred from invoking the qualified privilege if it did not conduct an investigation.

Defamation: A factual assertion that is false and defamatory in nature about the Plaintiff, made to a third party that causes actual or presumed damages generally consisting of financial loss, loss of standing in the community and emotional stress. (Insult, and embarrassment)

A defamatory statement from which action was taken implying moral turpitude resulting in undocumented termination.

Libel Slander imputes an unfitness to perform the duties of a job or a lack of integrity in the performance of those duties. Prejudices the party in their profession or trade, allegation of Sexual Harassment - An unjustified attack against the reputation and dignity of others.

A Defamatory Statement is one that causes reputational harm to a plaintiff, holding the plaintiff up to scorn, disgrace, ridicule, hatred or contempt, in other words, the type of statement that would tend to deter third parties from dealing with the plaintiff. I hereby request Jury Trial.

Damages will be for: Past and Future Harm to Reputation
Past and Future Wage Loss and Earning Capacity
Impaired Reputational Standing in Church & Community
Reconciliation with Spouse and Family
Mental and Emotional Distress
(shame, disgrace, humiliation, and embarrassment)

Relief Sought — Half of the total, same total of both cases combined $350,000

CFT

Kishka McClain, Esq
VENABLE LLP
575-7th Street N.W.
Washington, D.C. 20004

Counsel for The Defendant
The Whiting-Turner Contracting Company

Respectively Submitted,

*Nathaniel L Thomas*

Nathaniel L Thomas
2652 Bowen Road S.E.
Washington, D.C. 20020
202-615-7003

Plaintiff
Pro Se